# FTCA Complaint for HUD Matter

FILED/REC'D

2026 AUG -3 P 2:29

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

## Caption

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALISHA MCCANN,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

Case No. _____ 26-cv-714-jdp

## Complaint title

COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT

## Jurisdiction and venue

1. This action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680.
2. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1) because this is a civil action for money damages against the United States for personal injury, property damage, and related losses caused by the negligent and wrongful acts and omissions of employees of the U.S. Department of Housing and Urban Development (HUD) acting within the scope of their employment.
3. Venue is proper in the Western District of Wisconsin because the events and omissions giving rise to this action occurred in this District and Plaintiff resides in this District.

## Parties

4. Plaintiff Alisha McCann is an adult resident of Madison, Wisconsin.
5. Defendant United States of America is the proper defendant under the FTCA for the acts and omissions of federal employees, including employees of HUD.

## Facts

6. Plaintiff is a disabled tenant in HUD-subsidized housing in Madison, Wisconsin.

7. Plaintiff repeatedly reported discrimination, retaliation, harassment, surveillance, unauthorized entries, lease withholding, recertification abuse, property damage, and threats to HUD through complaints, emails, and other communications.

8. Plaintiff filed numerous discrimination complaints and VAWA-related complaints with HUD and repeatedly requested appeals when those complaints were closed.

9. HUD repeatedly failed to provide meaningful assistance, failed to process or honor appeal requests, and failed to protect Plaintiff from ongoing harm.

10. HUD staff at times acknowledged that the conduct Plaintiff reported was discriminatory but then stated that because the conduct was also criminal in nature, HUD could not do anything. Instead of treating the combination of discrimination and criminal conduct as more urgent, HUD used the criminal nature of the conduct as a reason not to intervene or enforce Plaintiff's rights.

11. Plaintiff requested protection and transfer-related assistance under VAWA due to severe abuse and unsafe housing conditions.

12. ASKFEHO informed Plaintiff that the landlord's conduct was criminal in nature, but HUD employee Kimberly Danna told Plaintiff that the landlord and management were not doing anything wrong.

13. Despite the seriousness of the reported conduct, HUD did not provide the requested protection or transfer assistance and did not meaningfully intervene.

14. HUD employee Taylor Umeka repeatedly instructed Plaintiff to continue working with the same landlord and management Plaintiff had reported as contributing to the abuse.

15. Plaintiff informed Taylor Umeka that while Plaintiff was hospitalized in a psychiatric unit after a suicide attempt, someone entered Plaintiff's apartment and urinated in Plaintiff's dresser drawers.

16. Even after receiving that report, Taylor Umeka did not provide meaningful assistance, did not resolve the lease issue, and continued directing Plaintiff back to the same management.

17. Plaintiff's landlord and management repeatedly demanded documentation that Plaintiff reports is not part of a standard HUD-811 recertification, including blank releases, releases to SSA, banking records, application pages, altered HUD-9887 forms, and a separate verification system created by the landlord and management.

18. Plaintiff repeatedly informed HUD that these demands were improper, retaliatory, and discriminatory, and that the landlord had attempted to investigate Plaintiff's SSDI benefits.

19. Plaintiff also repeatedly informed HUD that there was illegal surveillance in Plaintiff's unit, including surveillance in the bathroom, and that this surveillance had existed for nearly three years.

20. Despite being informed of the altered forms, improper releases, invented verification systems, SSDI-related investigation efforts, and long-term surveillance, Kimberly Danna told Plaintiff that the landlord and management were not doing anything wrong.

21. HUD previously advised Plaintiff to take civil action against the landlord, and Plaintiff did so.

22. The court in Plaintiff's civil case stated that it could not resolve Plaintiff's lease issue in that case.

23. Despite that, Kimberly Danna later told Plaintiff that because Plaintiff was involved in civil litigation, HUD would not assist with Plaintiff's lease, even though the lease and recertification issues were separate from the civil lawsuit.

24. Kimberly Danna refused to identify any HUD rule, regulation, or law that prevented HUD from assisting Plaintiff with the lease issue.

25. Plaintiff is now past lease renewal while HUD remains copied on communications and does not intervene.

26. HUD employees, including Justin Todd, Noam Greene, Kimberly Danna, Taylor U., and Joshua Stillman, were notified of Plaintiff's allegations, injuries, and ongoing danger through direct communications and claim submissions.

27. On November 21, 2025, Plaintiff emailed HUD Supervisory Management Analyst Joshua Stillman the updated and fully signed Standard Form 95 and clarified that earlier pages had been templates only and that the attached forms were Plaintiff's official submission.

28. On November 21, 2025, Joshua Stillman responded, "I believe I have everything I need to find out the status of your SF—95 submission," confirming HUD's receipt of the updated claim materials.

29. Plaintiff's SF—95 included a sum certain and detailed statements regarding personal injury, property damage, basis of claim, and witnesses.

30. More than six months have passed since HUD received Plaintiff's completed SF—95, and HUD has not issued a final written denial.

31. HUD had repeated notice of severe and dangerous conduct, including conduct Plaintiff reported as discriminatory, retaliatory, criminal, invasive, and life-threatening, yet failed to intervene and allowed the harm to continue.

32. As a direct and proximate result of HUD employees' negligent and wrongful acts and omissions, Plaintiff suffered severe emotional distress, worsening psychological injury, physical harm, property loss, housing instability, loss of privacy, and other damages.

## FTCA claim

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32.

34. HUD employees owed Plaintiff duties to act reasonably in receiving, reviewing, responding to, and escalating Plaintiff's reports of danger, discrimination, retaliation, and housing-related harm.

35. HUD employees breached those duties by failing to meaningfully investigate, failing to intervene, failing to process appeals, directing Plaintiff back to abusive housing actors, using the existence of allegedly criminal conduct as a reason not to act, and refusing lease-related assistance without identifying any governing rule or law requiring that refusal.

36. The negligent and wrongful acts and omissions of HUD employees, acting within the

scope of their employment, were a direct and proximate cause of Plaintiff's injuries and losses.

37. Under the FTCA, the United States is liable to Plaintiff to the extent provided by law for those injuries and losses.

## Damages

38. Plaintiff seeks damages in the same amount set forth as the sum certain in the SF-95, together with allowable costs and any other relief permitted by law.

39. Plaintiff's damages include severe emotional distress, psychological injury, physical harm, property damage, loss of housing stability, loss of privacy, and related financial losses.

## Prayer for relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant United States of America in the amount stated in Plaintiff's SF-95;

B. Award allowable costs; and

C. Grant such other and further relief as the Court deems just and proper.

## Signature block

DATED: August 3rd, 2026

Alisha McCann
Plaintiff, pro se
2428 Independence Ln #105
Madison WI 53704
608-228-7118
Alishalm2114@gmail.com

Alisha McCann